IN THE CIRCUIT COURT OF MARYLAND
FOR ANNE ARUNDEL COUNTY

| | |
|---|---|
| STUDENT "C"<br>c/o Adelphi Law<br>2306 Wineberry Terrace<br>Baltimore, MD  21209<br><br>*Individually, and on behalf of<br>similarly-situated persons,<br>as Plaintiff,*<br><br>v.<br><br>ANNE ARUNDEL COUNTY<br>    COMMUNITY COLLEGE,<br>Heritage Office Complex<br>2660 Riva Road 4th Floor<br>Annapolis, MD  21401<br><br>*and*<br><br>COUNTY EXEC. STEUART PITTMAN,<br>    *in his official capacity as Executive,*<br>Offices o the County Executive<br>44 Calvert Street<br>Annapolis, MD 21041<br><br>*Defendants.* | Civil Action No. C-02-CV-20-001272 |

**CLASS ACTION COMPLAINT**

Plaintiff Student "C", by and through undersigned counsel, and on their own

behalf and on behalf of those similarly situation, for their Class Action Complaint against

Anne Arundel County Community College ("AACC") and the Honorable Anne Arundel

County Executive Steuart Pittman ("Executive Pittman") (hereinafter, collectively,

"Defendants"), seeking damages and declaratory and injunctive relief, hereby allege as

follows:

## NATURE OF THE CASE

1.      This action is a class-action suit for damages and equitable relief under the common laws of the State of Maryland and Section § 5-5A-02, *et seq.*, of the Maryland Code, Courts and Judicial Proceedings Title, seeking legal remedy and equitable relief for the Defendants' breaches and takings thereof, related to the Defendants' refusal to fully refund and rebate tuition, costs, and fees, for students affected by the Defendants' decision to switch students from in-person to online classes and close access to facilities, under orders related to the COVID19 pandemic.

2.      Plaintiff acknowledges at the outset that the Defendants acted in the best interests of the safety of Plaintiffs and the Class, albeit in an under-prepared and haphazard manner, by switching students to online education and closing access to facilities maintained by Defendants; however, given that Defendants are unfairly retaining benefits of the bargains it made with the Plaintiff and the Class, and likely qualifies for relief under the federal Higher Education Emergency Relief Fund under Section 18004(a)(1) and 18004(c) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act for any unreimbursed impact of the pandemic, the shift of the economic burden of the breach of contract onto Plaintiff and the Class is unfair, unjust, and a breach of the public trust that will affect the Plaintiff and Class for years, through unjustified debt, reduced value of their collegiate experience, and in causing them to distrust the very institutions they were supposed to be nurtured by.

## PARTIES

3.      Plaintiff Student "C" is a resident of the State of Maryland and a full-time student of AACC.[1]

---

[1]      Plaintiff will file a Motion for Protective Order seeking to allow them to proceed anonymously, or at least with some restrictions on disclosure of personal information, if no agreement can be reached with Defendants on this issue.  The Plaintiff will be referred to by the masculine pronoun hereinafter, without any admission as to gender or identification.

4.      Defendant Anne Arundel County Community College is an institution of higher learning organized as part of the government of Anne Arundel County.

**5.**      Defendant the Hon. County Executive Steuart Pittman is the Anne Arundel County Executive and is sued here in his official capacity.

## JURISDICTION AND VENUE

6.      Plaintiff brings this action against Defendants in Circuit Court of Maryland pursuant to Maryland Code Annotated, Courts and Judicial Proceedings, "Trial Courts of General Jurisdiction," § 1-501 (2006), which grants "full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law," to this Court.

7.      Actions for declaratory judgment are authorized in this Court pursuant to Md. Code Ann., "Declaratory Judgment," (2006) ("DJA").

8.      The Defendants waived sovereign immunity under Maryland Code, 6. Courts and Judicial Proceedings, Section § 5-5A-02, *et seq*., this suit being brought in contact against officers and units of a unit local government of the State within one year the claim arose.

9.      On information and belief, this action is properly brought in Circuit Court because the amount in controversy exceeds $5,000.

**10.**      Venue is proper in this Court because, pursuant to Maryland Code Annotated, Courts and Judicial Proceedings, "Trial Courts of General Jurisdiction," § 6-201 and on information and belief, the Defendants carry on "on a regular business" in the Circuit in which this case is filed.

## GENERAL ALLEGATIONS

11.     Defendant AACC is an instrument of the government of Anne Arundel County.

12.     Plaintiff C is a student at AACC (the "School").

13.     Plaintiff decided to attend AACC in part because of it's facilities for in-person education, opportunity for one-on-one in-person interaction with professors, access to extra-curricular activities, cultural enrichment, networking opportunities, and the like.

14.     Thus, the School's website states that classes identified as face-to-face as classes that "meet in a classroom. An instructor provides a lecture or leads a discussion in person and you see your fellow students face-to-face." https://www.aacc.edu/apply-and-register/credit-application/register-for-credit-classes/ways-to-take-a-course/ (last accessed May 24, 2020 9:50PM).

15.     The School's website further states that "[c]ollege life isn't only about books and exams. We want you to enjoy this time by checking out a concert on campus, viewing an art show or taking a leadership role in one of our dozens of student organizations. Redefine your life through an AACC education, while making friendships and memories that will last a lifetime." https://www.aacc.edu/campus-life/ (last accessed May 24, 2020, 10:03PM).

16.     Thus, the Defendants advertise on the School's websites that part of the educational experience at the School includes, *inter alia*, interaction with faculty and other students; access to facilities such as computer labs, study areas, libraries, laboratories, exercise facilities and the like; events, formal and informal groups; offerings of arts, music, and cultural programs; and in general social development and personal and professional networking opportunities.

17.     Although AACC offers online education, Plaintiff each elected not to attend AACC online because it would have meant largely forgoing these highly valuable additional benefits of in-person attendance at the School.

18.     As part of their attendance at the School, Plaintiff and Class Members are required by pay tuition in full, either in full or under a payment plan, prior to each semester.

19.     Plaintiff C's spring semester at AACC began on or about January 22, 2020.

20.     Plaintiff C paid tuition for the Spring Semester in or about December 2019 and January 2020, in the amount of $1,386.00 for in-person attendance at the School (the Plaintiff's "In-Person Tuition"), at the Maryland resident rate, plus some approximately $175.00 for the School's mandatory fees, for a total tuition, costs, and fees charged of approximately $1,561.00 for the Spring Semester.

21.     On information and belief, Plaintiff C paid approximately the same In-Person Tuition as the majority of the Tuition Class Members, and similar Mandatory Fees as the Mandatory Fees Class.

22.     On March 14, 2020, the Defendants ordered classes be suspended until further notice.

23.     Classes were then suspended until April 5, 2020, e.g., for the schedule spring break plus two additional weeks, missing some ten days of scheduled classes, with no make-up of those days.

24.     On or about March 14, 2020, Plaintiffs and Class Members were told that School's campuses would be closing.

25.    As of that date, and to the present, Plaintiff and Class Members did not and do not have access to the School's physical facilities, including the aforementioned classrooms, study halls, libraries, computer and other labs, athletic facilities, residence halls, cafeterias, faculty and staff offices, on-campus health facilities, and the like.

26.    As of the date of this filing, the Defendants have not compensated Plaintiff and the Class Members for the decreased value of their tuition, when the Defendants converted the Plaintiff's' and the Class's rich in-person educational experience to something worth less than what the students bargained and paid for, for the missed days of classes, for interest accrued or paid on loan amounts that are not for tuition actually received, for mandatory fees that were paid for access to School's facilities, and the like.

## CLASS ACTION ALLEGATIONS

27.    Pursuant to Maryland Rule 2-231, Plaintiff brings this action on behalf of themselves and similarly-situated persons defined as:

- The Tuition Class: All persons who paid tuition for in-person classes for themselves or on behalf of a student at the School for the Spring Semester of 2020, but who had their in-person on-campus educational experience converted to online education on or around March 14, 2020, for the remainder of the Spring Semester.

- The Mandatory Fees Class:  All persons who paid the School mandatory fees for in-persons education for themselves or on behalf of a student at School for the Spring Semester of 2020, but who had their in-person on-campus educational experience converted to online education on or around March 14, 2020, for the

<u>remainder of the Spring Semester, and who have not received full refunds for the loss in value of those Fees from Defendants.</u>

28.    Excluded from the Class are the officers, directors, and employees of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and all judges who may ever adjudicate this case.

29.    This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Maryland Rules.  Plaintiff reserves the right to modify the Class definition and the class period based on the results of discovery and or as otherwise appropriate.

30.    Maryland Rule 2-231, "Class actions," requires that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

31.    This Class Action satisfies the "numerosity" requirement of Rule 2-231, in that the potential members of the Class are so numerous that their individual joinder is impracticable.  The precise numbers and addresses of members of the Class are unknown to the Plaintiff, but the School is reported to have some 29,894 students enrolled, who are all likely Class Members, either as members of the Tuition Class or the Fees Class.  The precise number of persons in the Class and their identities and addresses may be ascertained from Defendants' records.

32.     The present suit satisfies the "commonality of interest" requirement in the questions of law and fact involved affecting the members of the Class.  These common legal and factual questions presented by this Class Action include:

- Whether the factual allegations are true.

- Whether online learning removed from campus educational, social, and professional interactions is worth the same as in-person, in-classroom education in a campus environment designed to cater to students' educational, social, and professional needs;

- Whether the Defendants breached their express, implied, or quasi-contractual agreements with Plaintiff and the Class through acts or omissions, including, but not limited to, by failing to provide in-person, in-classroom education after March 14, 2020, and by not compensating the Tuition Class for the difference in value between said in-person, in-classroom education and the online classes that have been offered;

- Whether or not those same acts and omissions constitute a takings under the Constitutions of the United States of America and the State of Maryland;

- Whether the Defendants breached their express, implied, or quasi-contractual agreements with Plaintiff and the Mandatory Fees Class through acts or omissions, including, but not limited to, by failing to provide access to facilities that the Mandatory Fees were all or in part intended to cover after March 14, 2020, and by not compensating the Mandatory Fees Class in whole or in part for the actual value received by Plaintiff and the Mandatory Fees Class for those Mandatory Fees;

- Whether or not those same acts and omissions constitute a takings under the Constitutions of the United States of America and the State of Maryland;

- Whether or not class certification is appropriate in this case;

- Whether Class Members are entitled to declaratory, equitable, and or injunctive relief; and

- What compensatory damages or other relief are appropriate to award for Plaintiff, the Tuition Class, and the Mandatory Fees Class.

33.     Plaintiff's claims are "typical" of the claims of the members of the Class because Plaintiff represent students of the School during the relevant time, and is therefore fully affected by all events described herein.  Plaintiff and all members of the Class have therefore similarly suffered harm arising from Defendants' acts and omissions described herein.

34.     Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiff intends to prosecute this action vigorously, in the public interest, with the aim of protecting rights of students from externalization of foreseen and unforeseen burdens onto them from educational institutions, who are the proper parties to bear such burden. Furthermore, Plaintiff has retained committed and experienced counsel to prosecute their claims vigorously.  Plaintiff therefore will fairly and adequately protect the interests of the members of the Class.

**35.**     This suit may therefore properly be maintained as a class action pursuant to Maryland Rule 2-231, as all of the required factors of numerosity, common questions of fact and law, typicality and adequacy are present.  Moreover, the conduct by

Defendants upon which this suit is based has generally applicable impacts on the Plaintiff and the Class as a whole, thereby making declaratory and or injunctive relief proper.

**COUNT I**
**Breach(es) of Contract**
**(On Plaintiff's own and on behalf of the Tuition Class)**

36.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

37.     The Plaintiff and the Defendants had an express or implied contract that called for the Plaintiff to fully pay demanded In-Person Tuition in exchange for Defendants' provision of in-person, in-classroom education in the School's campus environments designed to cater to Plaintiff's and the Class's educational, social, and professional needs.

38.     The Defendants breached that express or implied contract by acts or omissions, including, but not limited to, by failing to provide said in-person, in-classroom education, by converting Plaintiff's and the Class's education to one that was solely online without access to the School's campuses and facilities, by refusing to refund the difference in value between the in-person, in-classroom education and the tendered online education, and by otherwise failing to provide Plaintiff and the Class with the benefit of their paid-for bargain.

39.     The Plaintiff and members of the Tuition Class have suffered damage as a direct and proximate result of the Defendants' breaches, including by being deprived of the benefit of the in-person, in-classroom education in a campus environment designed to cater to Plaintiff's and the Class's educational, social, and professional needs, by incurring

interest on loans for tuition that was paid for but not delivered, and by loss of value of the In-Person Tuition that the Plaintiff and Class paid for.

40.     Plaintiff and the Tuition Class Members received approximately fifty-two (52) days of in-person, in-classroom education at the School for the Spring Semester before classes were moved online; Plaintiffs and Class Members demand that they be awarded as damages the value of missed days of classes, as well as the entire remainder of their tuition, rebated in an amount of no less than fifty percent (50%), for the remainder of the Spring Semester, on a pro-rata basis, or an amount to be proven at trial.

**COUNT II**
**Breach(es) of Contract**
**(On Plaintiff's own and on behalf of the Mandatory Fees Class)**

41.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

42.     The Plaintiff and the Defendants had an express or implied contract that called for the Plaintiff to fully pay Mandatory Fees in exchange for Defendants' provision of various aspects of on-campus education in the School's campuses, which are designed to cater to Plaintiff's and the Class's educational, social, and professional needs.

43.     The Defendants breached that express or implied contract by acts or omissions, including, but not limited to, by failing to provide that on-campus educational experience, by refusing to refund all or part of the Mandatory Fees, despite the fact that the access to the facilities or services were no longer offered, and by otherwise failing to provide Plaintiff and the Class with the benefit of their paid-for bargain.

44.     The Plaintiff and members of the Mandatory Fees Class have suffered damage as a direct and proximate result of the Defendants' breaches, by not having

11

accessed to facilities and services that they paid for, by incurring interest on loans for

tuition that was paid for but not delivered, and in general by loss of value of the

Mandatory Fees that the Plaintiff and Class paid for.

45.     Plaintiff and the Mandatory Fees Class Members received approximately

fifty-two (52) days of in-person, in-classroom education at the School for the Spring

Semester before campuses were closed; Plaintiff and Class Members demand that they be

awarded as damages the remainder of their Mandatory Fees rebated in full for the

remainder of the Spring Semester, on a pro-rata basis, less any rebates already given, or

an amount to be proven at trial.

### COUNT III
### Quasi-Contract Claim – Unjust Enrichment
### (On Plaintiff's own and on behalf of the Tuition Class)

46.     Plaintiff repeats and incorporates herein by reference the allegations in the

preceding paragraphs of this Complaint, as if set forth fully herein.

47.     The Plaintiff and the Tuition Class paid tuition for the Spring Semester for

in-person education at AACC.

48.     On or about March 14, 2020, the Defendants converted all remaining in-

person, in-classroom education to online learning for the remainder of the Spring

Semester.

49.     Thus, the Plaintiff and the Tuition Class only received some fifty-two (52)

days of what they paid for, *e.g.*, in-person in-classroom education with direct contact

with their professors and fellow students.

50.     The in-person in-classroom education is more valuable and rewarding than online only learning, in addition to not being what the Plaintiff and the Tuition Class wanted from their AACC experience.

51.     The Defendants expressly or constructively know and appreciate this, as evidenced by their touting of the benefits of in-person education across the websites of the School, as noted above.

52.     It is therefore inequitable for Defendants to retain the full value of the remaining In-Person Tuition.

**53.**     Plaintiff and Tuition Class Members therefore demand that they be awarded the value of missed days of classes, as well as the remainder of their tuition, rebated in an amount of no less than fifty percent (50%), for the remainder of the Spring Semester, on a pro-rata basis, or an amount to be proven at trial.

**COUNT V**
**Quasi-Contract Claim – Unjust Enrichment**
**(On Plaintiff's own and on behalf of the Mandatory Fees Class)**

54.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

55.     The Plaintiff and the Mandatory Fees Class paid mandatory fees for the Spring Semester for in-person education at AACC.

56.     On or about March 14, 2020, the Defendants closed all campuses, eliminating access to the facilities and services provided under the Mandatory Fees.

57.     Thus, the Plaintiff and the Mandatory Fees Class only received some fifty-two (52) days of what they paid for, e.g., the items covered by the Mandatory Fees – access to libraries, exercise facilities, labs, and the like.

58.     That access has value, as demonstrated by the fact that the Defendants charge for it.

59.     The Defendants expressly or constructively know and appreciate this, as evidenced by their charging the Plaintiff and the Mandatory Fees Class these fees.

60.     It is therefore inequitable for Defendants to retain the full value of the remaining Mandatory Fees.

**61.**     Plaintiff and Mandatory Fees Class Members therefore demand that they be awarded the entire remainder of their Spring Semester Mandatory Fees, less any rebates given, on a pro-rata basis, or an amount to be proven at trial.

**COUNT VI**
**Unconstitutional Takings**
**(On Plaintiff's own and on behalf of the Tuition Class)**

62.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

63.     Under the Constitution of the United States of America, Amendments V and XIV, the Maryland Constitution, Article III, Section 40, as well as the common-law of the State of Maryland, the Defendants may not take vested tangible or intangible property rights of citizens without just or fair compensation.

64.     The Plaintiff and the Tuition Class paid tuition for the Spring Semester for in-person education at the School, which gave them a property right in that same education.

65.     On or about March 14, 2020, the Defendants converted all remaining in-person, in-classroom education to online learning for the remainder of the Spring Semester.

66.     Thus, the Plaintiff and the Tuition Class only received some fifty-two (52) days of what they paid for, *e.g.*, in-person in-classroom education with direct contact with their professors and fellow students.

67.     The in-person in-classroom education is more valuable and rewarding than online only learning, in addition to not being what the Plaintiff and the Tuition Class wanted from their AACC experience.

68.     The Defendants expressly or constructively know and appreciate this, as evidenced by their touting of the benefits of in-person education across the websites of the School, as noted above.

69.     The conversion of the Plaintiff's and the Tuition Class's education from in-person, in-classroom education into exclusively online education is therefore an unconstitutional taking of the Plaintiff's and the Tuition Class's property, for which they have received no compensation.

**70.**     Plaintiff and Tuition Class Members therefore demand that they be awarded the value of their missed classes, plus the remainder of their tuition, rebated in an amount of no less than fifty percent (50%), for the remainder of the Spring Semester, on a pro-rata basis, or an amount to be proven at trial, as just and fair compensation for this unconstitutional taking.

**COUNT VII**
**Unconstitutional Takings**
**(On Plaintiff's own and on behalf of the Mandatory Fees Class)**

71.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

72.     Under the Constitution of the United States of America, Amendments V and XIV, the Maryland Constitution, Article III, Section 40, as well as the common-law of the State of Maryland, the Defendants may not take vested tangible or intangible property rights of citizens without just or fair compensation.

73.     The Plaintiff and the Mandatory Fees Class paid mandatory fees for access to the School's facilities for the Spring Semester at the School, which gave them a property right in those same housing and meal plans.

74.     On or about March 14, 2020, the Defendant closed all campuses, eliminating access to the School's facilities paid for by the Plaintiff and the Mandatory Fees Class.

75.     Thus, the Plaintiff and the Mandatory Fees Class only received some fifty-two (52) days of what they paid for, e.g., the items covered by the Mandatory Fees – access to libraries, exercise facilities, labs, and the like.

76.     That access has value, as demonstrated by the fact that the Defendants charge for it.

77.     The Defendants expressly or constructively know and appreciate this, as evidenced by their charging the Plaintiff and the Mandatory Fees Class these fees.

**78.**     Plaintiff and Mandatory Fees Class therefore demand that they be awarded the entire remainder of their Spring Semester Mandatory Fees, less any rebates given, on a pro-rata basis, or an amount to be proven at trial, as just and fair compensation for these unconstitutional takings.

## COUNT VIII
## Declaratory Relief

79.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

80.     There exists a justiciable controversy between the Plaintiff, the Class, and the Defendants, and litigation has become necessary to address these controversies and prevent further harm to Plaintiff and the Class.

81.     The Plaintiff seek declaratory relief to relieve uncertainty as to their legal rights in relation to their status as students at AACC, and a declaration by this Court will likely help to terminate the uncertainty and or the need for further proceedings.

82.     Plaintiff request that this Court, pursuant to the DJA, Maryland Annotated Code, Courts And Judicial Proceedings, Courts Of General Jurisdiction, Subtitle 4 - Declaratory Judgment, §§ 3-401, 3-406, and or 3-409, and 3-410, declare:

- That online learning removed from campus educational, social, and professional interactions is not worth the same as in-person, in-classroom education in a campus environment designed to cater to students' educational, social, and professional needs;

- That the Defendants breached their express, implied, or quasi-contractual agreements with Plaintiff and the Class through acts or omissions, including, but not limited to, by failing to provide in-person, in-classroom education after March 14, 2020, and by not compensating the Tuition Class for missed classes and the difference in value between said in-person, in-classroom education and the online classes that have been offered;

- That these same acts and omissions constitute a takings under the Constitutions of the United States of America and the State of Maryland;

- That the Defendants breached their express, implied, or quasi-contractual agreements with Plaintiff and the Mandatory Fees Class through acts or omissions, including, but not limited to, by failing to provide access to facilities that the Mandatory Fees were all or in part intended to cover after March 14, 2020, and by not compensating the Mandatory Fees Class in whole or in part for the actual value received by Plaintiff and the Mandatory Fees Class for those Mandatory Fees;

- That those same acts and omissions constitute a takings under the Constitutions of the United States of America and the State of Maryland;

- That class certification is appropriate in this case;

- And that relief should be rewarded to the Plaintiff and the Class, including compensatory damages and costs under Section 3-410 of the DJA.

## COUNT IX
## Injunctive Relief

83.    Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein.

84.    The Plaintiff and the Class have contractual, quasi-contractual, and constitutional rights in their paid-for tuition, fees, and costs at the School.

85.    The rights of the Plaintiff and the Class Members in obtaining refunds, rebates, or discounts outweigh those of the Defendants in wrongfully holding the Plaintiff's and Class's monies.

86.     If the acts Plaintiff seek to enjoin happen, Plaintiff and the Class Members will suffer irreparable harm by being forced out of school, having permanent records that they cannot easily erase, and by otherwise suffering injuries such as loss of college-aged development for which there is no clear and easily-accessible legal remedy.

87.     The public interest is severed in upholding contractual rights, in preventing or requiring compensation for governmental takings, and in general in supporting students as they develop into fully-formed and educated citizens.

88.     Plaintiff therefore request that this Court permanently enjoin the Defendants from the following conduct:

- Retaliation of any kind against the Plaintiff, any future named Plaintiff, or any members of the Class for participating in this lawsuit, as related to their enrollment at the School or otherwise;

- From charging Plaintiff and any Member of the Tuition Class full In-Person Tuition for the Summer of 2020 and onwards for so long as the AACC is not in fact offering face-to-face, in-person classroom education;

- From charging Plaintiff and any Member of the Mandatory Fees class mandatory fees for items that the Plaintiff and the Mandatory Fees Class members do not in fact have access to for the Summer of 2020 and onwards for so long as AACC is not in fact offering on-campus education.

## JURY DEMAND

Plaintiff hereby request a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court:

A.    Certify the proposed Class and/or Subclass, appoint Plaintiff and their counsel to represent the proposed Class, and require notice to the proposed Class(es) to be paid by Defendants.

B.    Award monetary damages, restitution, or disgorgement to Plaintiff Student C in an amount no less than $570.00, and to the Class to the maximum extent permitted by law and as identified under the quantum theories herein;

C.    Award to Plaintiff reasonable compensation for serving as a class representative;

D.    Enter declaratory relief as requested in Count VIII, and award costs thereof;

E.    Permanently enjoin Defendants from the conduct outlined in the Count IX;

F.    Award pre- and post- judgment interest at the legal rate; and

G.    Grant such other and further relief as the Court deems just and proper.

DATED: May 29, 2020

RESPECTFULLY SUBMITTED,

> Edward N. Griffin, Esq.
> CPF No. 0412140304
> ADELPHI LAW
> 2306 Wineberry Terrace
> Baltimore, MD 21209

Tel./Fax 888.367.0383
griffin@adelphilaw.com


*Attorney for Plaintiff*

/s/Edward Griffin/s/
Edward N. Griffin