**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| STUDENT "C", | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-20-1505 |
| | * | |
| ANNE ARUNDEL COUNTY | * | |
| COMMUNITY COLLEGE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Student "C" ("Plaintiff")[1] filed an Amended Complaint against Defendant Anne Arundel Community College ("AACC"), alleging breach of contract, violations of the Takings Clause of the United States Constitution, and deprivation of rights under the Maryland Declaration of Rights, and seeking monetary damages and declaratory and injunctive relief for himself and similarly situated individuals.  ECF 18.  AACC filed a Motion to Dismiss all counts under Federal Rule of Civil Procedure 12(b)(6), ECF 21, and a Motion to Strike Plaintiff's class claims, ECF 21-1.  Plaintiff filed an opposition, ECF 24, and AACC filed a reply, ECF 25.  No hearing is necessary.

---

[1] To preserve the public's interest in judicial proceedings, the Federal Rules of Civil Procedure contain a presumption that an action should be prosecuted in the name of the real party in interest.  *See* Fed. R. Civ. P. 10(a), 17(a).  However, the Fourth Circuit has "recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including [the] use of a pseudonym."  *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  Thus far, Plaintiff has failed to justify his anonymity, and this does not appear to be the kind of case that typically warrants such an exception.  Although the Court has not determined that this deficiency alone compels dismissal at this stage, should Plaintiff seek to continue to litigate this matter without revealing his identity, he must file a motion to proceed under a pseudonym in accordance with this Court's precedent.  In the interim, however, this Court has adopted the parties' use of masculine pronouns in reference to Plaintiff.

*See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, AACC's motion to dismiss will be granted and its motion to strike will be denied as moot.

### I.      Factual Background

The following factual allegations are derived from the Amended Complaint and are assumed to be true for purposes of this motion.  Plaintiff is a full-time student at AACC who was enrolled in in-person classes during the Spring 2020 semester.  ECF 18 ¶¶ 3, 17, 20–21.  Although AACC also offers online instruction, Plaintiff chose to attend in-person courses, in part, to take advantage of the advertised benefits of the on-campus experience, including interaction with faculty and access to facilities, student groups, and events.  *Id.* ¶¶ 16–17.  In December 2019, Plaintiff paid $1,386 in tuition and $175 in mandatory fees for the Spring 2020 semester.  *Id.* ¶ 21. Due to the novel coronavirus pandemic, AACC suspended classes and closed the campus on March 14, 2020.  *Id.* ¶¶ 22, 25.  Ten days of classes were cancelled and never rescheduled.  *Id.* ¶ 24. Classes resumed remotely on April 5, 2020, but Plaintiff and other students were not permitted back on campus for the remainder of the semester.  *Id.* ¶¶ 24, 26.  Plaintiff contends AACC should have refunded students who paid tuition and fees for in-person classes but were subsequently barred from campus in March and forced to complete the semester online.  *Id.* ¶ 27.

Plaintiff asserts AACC's failure to provide the promised in-person, on-campus educational experience amounts to a breach of contract and taking of private property without compensation, and seeks monetary damages and declaratory and injunctive relief for himself and similarly situated students.  *Id.* at 6–21.

### II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss.  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017);

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (Agee, J., concurring); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the

minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

## III.   Analysis

AACC first asserts that Plaintiff's claims are barred by sovereign immunity. AACC further argues Plaintiff's claims must otherwise be dismissed because he fails to plead a cause of action that is factually plausible and legally cognizable under Maryland law or the United States Constitution. Finally, AACC asserts that even if Plaintiff were permitted to proceed in this action as an individual, this case does not meet the Rule 23 requirements for a class action. This Court ultimately concludes Plaintiff's breach of contract claims are barred by sovereign immunity and his remaining claims fail to state any cognizable cause of action against AACC.

### A. Sovereign Immunity for Contract Claims

Plaintiff and AACC agree that AACC is a government entity that qualifies for the protection of sovereign immunity, but the parties dispute whether immunity has been waived. *See, e.g.*, ECF 18 ¶¶ 8, 11; ECF 21-2 at 12; ECF 24 at 6. In Maryland, sovereign immunity is waived in contract actions where the agreement at issue is "a written contract that an official or employee executed for the State." Md. Code Ann. State Gov't. § 12-201; Md. Code Ann. Cts. & Jud. Proc. § 5-510 (expounding an identical waiver for county governments and officials).[2] The Maryland Court of Appeals has interpreted this provision to mean that the contract in dispute must be both "reduced to writing" and "signed by a person expressly authorized to execute the contract." *Stern v. Bd. of Regents, Univ. Sys. Md.*, 380 Md. 691, 720–22 (2004) (noting that a statutory waiver of qualified immunity must be read in a "narrow light"). Indeed, "[l]etterhead, a school stamp or a school insignia on a document will not suffice to waive the defense of sovereign immunity under § 12-201(a)." *Id.* at 723.

Plaintiff's Amended Complaint alleges that Plaintiff "had an express contract that called for the Plaintiff to fully pay demanded In-Person Tuition in exchange for Defendant's provision of in-person, in-classroom education," ECF 18 ¶ 38, and further attests that the "contract agreement was executed by an official with authority to bind [AACC]." *Id.* ¶ 39. Plaintiff argues that these vague assertions should be credited as true and are enough for the court to infer that a written contract exists. Plaintiff offers no other factual assertions to identify the alleged written contract.

---

[2] The parties' filings reference the sovereign immunity waiver provisions for both state and local governments. *See, e.g.*, ECF 21-2 at 21 (referencing Md. Code Ann., State Gov't § 12-201(a)); ECF 24 at 6–7 (referencing Md. Code Ann., Cts. & Jud. Proc. § 5-5A-02(a)). As Plaintiff notes, the conditions for waiving immunity described in these statutes are the exact same. ECF 24 at 7 n.5 (describing the provisions as "virtually identical"). Thus, regardless of if AACC is classified as a state or county government entity, whether it has waived sovereign immunity is evaluated under the same standard.

For example, Plaintiff does not allege what state or county official signed the contract, when the contract was written or executed, or how the terms of the contract were communicated to Plaintiff. Indeed, it appears Plaintiff does not actually know whether a written contract exists but "believes that [he] will, after appropriate discovery [in] this matter, be able to introduce binding tuition agreements that include all of the elements of contracts."  ECF 24 at 8; *see also id.* at 14 n.8 ("Plaintiff require[s] discovery to determine whether a contractual agreement conforming with Maryland Code, Courts & Judicial Proceedings, § 5-5A-02(a) (or the comparable State Government Title waiver) exists . . . .").  In short, Plaintiff's Amended Complaint amounts to mere speculation that a written contract to provide in-person classes was created and breached, which does not constitute a plausible claim for relief.  *See Twombly*, 550 U.S. at 555 (explaining that the "[f]actual allegations must be enough to raise a right to relief about the speculative level").

Though it may be true that a plaintiff need not "cite precise contractual provisions in order to state a claim for breach of contract," *Class Produce Grp. LLC v. Harleysville Worchester Ins. Co.*, No. ELH-16-3431, 2018 WL 1471682, at *9 (D. Md. Mar. 23, 2018), where a written contract is required to state a viable claim, a plaintiff must include facts to adequately show a sufficient writing exists.  *See, e.g.*, *Fidelity Nat'l Title Ins. Co. v. Radford*, No. &:15-CV-00018, 2016 WL 3102233, at *5 (W.D. Va. June 2, 2016) (dismissing breach of contract claim because although the parties "may well have entered into a contract," plaintiff could not identify a writing that could constitute a written contract and the statute of limitations barred claims based on oral contracts); *Marley Mouldings, Inc. v. Suyat*, 970 F. Supp. 496, 500 (E.D. Va. 1997) (holding plaintiff did not state a cognizable claim where no written contract was identified and the breach of oral contract claims were barred by the statute of limitations).  Because Plaintiff's Amended Complaint is devoid of any facts that identify a written contract, the Court finds he has not stated a plausible

claim that AACC waived its sovereign immunity under Maryland Code Annotated State Government Article § 12-201 or Courts and Judicial Proceedings Article § 5-510 by entering into a signed, written contract.[3]

Although Plaintiff identifies the above-referenced statutory waivers for contract actions in asserting that AACC waived its sovereign immunity, Plaintiff also extensively cites *Frankel v. Board of Regents of the University System of Maryland*, 361 Md. 298 (2000), for the same proposition. ECF 24 at 8–13. In *Frankel*, however, the statutory waiver for contract actions was not considered by the court. *See Stern v. Bd. of Regents, Univ. Sys. of Md.*, 380 Md. 691, 705 (2004) (explaining that *Frankel* "never addressed whether there was a written contract executed by a State official acting within his or her scope of authority"); *Frankel*, 361 Md. at 308 (noting only that because the claim was timely filed, it "would not be barred by the one year period of limitations in 12-202"). The *Frankel* Court ultimately held sovereign immunity was waived because the plaintiff, a state university student, was seeking recovery of tuition in accordance with a specific refund policy enacted by the Board of Regents for individuals reclassified as in-state students. *Frankel*, 361 Md. at 308–09. In Maryland, when one overpays in taxes, fees, or other charges "and when the law specifically authorizes 'a refund . . . ,' a common law contract 'action . . . is available.'" *Id.* (second alteration in original) (quoting *Apostol v. Anne Arundel Cnty.*, 288 Md. 667, 672 (1980)). But where either a specific authorization by the General

---

[3] In his opposition, Plaintiff references a "Promise to Pay Agreement" in AACC's "Comprehensive Financial Responsibility" policy on the AACC website. ECF 21 at 7–8. The Court may not consider this document when ruling on this motion, because it is outside of the pleadings. *See* Fed. R. Civ. P. 12(d) (requiring the court to convert a Rule 12(b)(6) motion to a motion for summary judgment if matters outside the pleadings are presented and not excluded); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (explaining that "as a general rule, extrinsic evidence should not be considered at the 12(b)(6) stage" where it is not attached to the pleadings and integral to the complaint). Even if it were considered, though, it could not imply a waiver of sovereign immunity for Plaintiff's breach of contract claims since it is unsigned.

Assembly or an adoption of a refund policy by the state agency is absent, the waiver of immunity based on a legislative delegation of authority is not applicable.  *See Stern*, 380 Md. at 707 (holding sovereign immunity was not waived because plaintiffs "do not fall into a class, such as *Frankel*'s residency reclassification class, subject to a refund policy provided for by a legislative delegation of power").

Here, Plaintiff's Amended Complaint claims "[AACC] has a written tuition and fee refund policy, enacted pursuant to [AACC]'s delegated authority to create tuition policies and collect and refund on the same, one that should allow for refunds under these circumstances."  ECF 18 ¶ 27.  The Amended Complaint contains no further allegations regarding when or how that refund policy was authorized and adopted, nor who is subject to the policy.[4]  Plaintiff defends his bare bones allegations by asserting, "[I]t is obvious that some sort of refund policy was created by [AACC], although, in the absence of discovery, Plaintiff does not yet know what the exact terms of that refund policy are."  ECF 24 at 13.  Like his speculation regarding a written contract, Plaintiff's vague allegations fall short of identifying a relevant refund policy authorized by the legislature and adopted by AACC to waive sovereign immunity.  The Court also notes the kind of refund policy that could preserve Plaintiff's claim under *Frankel*—one formally adopted by AACC based on a specific delegation by the General Assembly—is not likely to be in the sole custody or control of AACC and would not require the tools of formal discovery to uncover.

Therefore, Plaintiff's breach of contract claims, Counts I and II, will be dismissed.  The Court reaches no conclusion as to whether any oral or implied contract could have been breached

---

[4] The only other equally vague statement in the Amended Complaint referencing a refund policy is the following: "The contract agreement was executed by an official with authority to bind [AACC], and or was created as a formal tuition and fees refund policy that waived sovereign immunity under Maryland law."  ECF 18 ¶¶ 39, 45.

by AACC.  Instead, because sovereign immunity bars Plaintiff's claim unless it is based on a signed writing or a specific refund policy, neither of which has been plausibly identified or alleged by Plaintiff, the Court concludes his breach of contract claims are not viable as pleaded.[5]

### B.  Unconstitutional Taking and Deprivation of Rights

Alternatively, Plaintiff claims AACC's decision not to refund tuition and fees due to the changes to the Spring 2020 semester constitutes an unlawful taking of private property under the United States Constitution and the Maryland Constitution.  ECF 18 ¶¶ 49–69.  The Fifth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, bars the government from taking private property "for public use, without just compensation."  U.S. Const. amend. V.  Article III, Section 40 of the Maryland Constitution prohibits the same[6] and is interpreted *in pari materia* with the federal provision.  *See Litz v. Md. Dep't of Env't*, 446 Md. 254, 265–66 (2016); *Bureau of Mines of Md. v. George's Creek Coal & Land Co.*, 272 Md. 143, 156 (1974).

---

[5] In his Opposition, Plaintiff posits "it is possible that Plaintiff could assert equitable estoppel and or the unclean hands doctrine against Defendant's assertion of sovereign immunity."  ECF 24 at 13.  Plaintiff seemingly admits that there are no allegations in the Amended Complaint that support either theory, but suggests that his claim should be preserved because "[d]epending on how facts are discovered and introduced into the record" these alternative theories may emerge.  *Id.* However, Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678–78.  Plaintiff's "inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal."  *See Tickles v. Johnson*, 805 F. App'x 204, 208 (4th Cir. 2020).

[6] Section 40 states, "The General Assembly shall enact no Law authorizing private property, to be taken for public use, without just compensation . . . ."  Md. Const. art. III, § 40.

Plaintiff separately seeks recovery under Article 24 of the Maryland Declaration of Rights.[7] ECF 18 ¶¶ 80–103.  Article 24 is the Maryland analog to the Fourteenth Amendment and prohibits the government from, among other acts, taking one's property without due process.  *Ellis v. McKenzie*, 457 Md. 323, 332 (2018) ("[T]he phrase 'law of the land' . . . expresses the same concept as 'due process of law' in the Fourteenth Amendment." (alterations in original)).    Article 24 has been interpreted to "have the same meaning and effect in reference to an exaction of property" as Article III, Section 40 of the Maryland Constitution.  *Bureau of Mines of Md. v. George's Creek Coal & Land Co.*, 272 Md. 143, 156 (1974); *see also Dua v. Comcast Cable of Md., Inc.*, 370 Md. 604, 630 n.9 (2002) (citing cases "where [the Maryland Court of Appeals] has held that the same governmental action violates both Article 24 and Article III, § 40").  Although in some instances, a claim under Article 24 requires a separate analysis, because Plaintiff's Article 24 claims fail for the same reason as his other Takings Claims—the lack of a vested property right to form the basis of his claim—the Court discusses these claims concomitantly.

To state a valid takings claim, Plaintiff must first identify a valid property interest.  Whether a property interest exists "is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'"  *Phillips v. Washington Legal Found.*, 524 U.S. 156, 164 (1998) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).  Plaintiff alleges he has a "contractual and or property interest" in receiving an on-campus educational experience in exchange for his payment of tuition and fees or, where the school

---

[7] Although Plaintiff does not cite Article 24 specifically in his Amended Complaint, the Court infers Plaintiff seeks to recover under this provision based on his reference to the taking of property and due process.  *See* ECF 18 ¶¶ 81, 88, 92, 95.  Article 24 reads: "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the law of the land."  Md. Const., Declaration of Rights, art 24.

determined it could not provide such, the "monies that [he] paid" AACC for an on-campus semester less the value of the abbreviated, partially remote experience he received. ECF 24 at 21; ECF 18 ¶¶ 51, 57, 62, 67, 82, 95.

As a general matter, "there is [] ample precedent for acknowledging a property interest in contract rights under the Fifth Amendment." *Piszel v. United States*, 833 F.3d 1366, 1375 (Fed. Cir. 2016) (alteration in original) (quoting *Cienega Gardens v. United States*, 331 F.3d 1319, 1329 (Fed. Cir. 2003)). However, "when the government itself breaches a contract," instead of indirectly interfering in a plaintiff's contract with a third-party, "[the plaintiff] must seek compensation from the government in contract rather than under a takings claim." *Id.* at 1376 (explaining that "because the Government acts in its commercial or proprietary capacity in entering contracts, rather than in its sovereign capacity . . . remedies arise from the contracts themselves, rather than from the constitutional protection of private property rights" (quoting *Hughes Commc'ns Galaxy, Inc. v. United States*, 271 F.3d 1060, 1070 (Fed. Cir. 2001))).

Plaintiff readily admits that his dispute with AACC "is in its essence a dispute between a proprietor and a consumer" and AACC's failure to refund tuition and fees for the Spring 2020 semester was "a business acts [sic], the decision of a proprietor." ECF 24 at 1, 22. The only potential property interests Plaintiff identifies are those voluntarily created by contract. The Takings Clause, however, "was not meant to protect property owners in their voluntary dealings with the government." *Arthur E. Selnick Assocs., Inc. v. Howard Cnty. Md.*, 206 Md. App. 667, 702–03 (2012); *see also Detroit Edison Co. v. United States*, 56 Fed. Cl. 299, 302 (2003) (allowing a takings claim to survive a motion to dismiss only where "the right at issue is not governed by the terms of the parties' contract"). Thus, Plaintiff cannot base his takings claim on his purported contract rights to in-person instruction and an on-campus experience.

11

Moreover, even if no contract existed between Plaintiff and AACC, Plaintiff's takings claims would still be incognizable since he has alleged no other taking of his property. The only property AACC acquired from Plaintiff was $1,561 for tuition and fees. Generally, a person does not retain a property interest in the money paid to another in exchange for goods or services. Once Plaintiff voluntarily paid AACC to register for classes, he transferred any property interest in those specific funds to AACC, who rightfully accepted payment before the semester began. Nothing in the Amended Complaint suggests that Plaintiff's "AACC account" is a trust or escrow account in which Plaintiff retains any interest in the funds. Thus, Plaintiff's claim that he has a property interest in the "monies [he] paid" amounts to nothing more than a claim that he has an interest in receiving the benefit of his bargain. These funds were freely given by Plaintiff and not seized by the government, and thus cannot be the basis for a takings claim. *See Calvert Assocs. Ltd. P'ship v. Dep't of Emp. and Soc. Servs., Emp. Security Admin.*, 277 Md. 372, 381–82 (1976) (holding no taking occurred where Plaintiff voluntarily entered into a lease with the State).

Because Plaintiff has identified no private property interest that can support his takings and deprivation of rights claims, Counts V, VI, IX, and X will be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Contract claims in Counts I and II, Takings claims in Counts V and VI, and Deprivation of Rights claims in Counts IX and X are dismissed without prejudice.[8] Because he has stated no valid substantive claim, his requests for declaratory and injunctive relief, Counts VII and VIII, are also dismissed. Therefore, AACC's Motion to Dismiss, ECF 21, is granted, and AACC's Motion to Strike, ECF 21-1, is denied as moot. The

---

[8] Additionally, in a separate filing, Plaintiff voluntarily dismissed Counts III and IV of the Amended Complaint. ECF 18 at 11.

case will be closed, subject to reopening if Plaintiff seeks leave to amend within thirty days of the

date of this opinion.  An implementing Order follows.

Dated: January 8th, 2021                                      /s/
                                                Stephanie A. Gallagher
                                                United States District Judge